NINA R. RINGGOLD (SBN 133735)
LAW OFFICE OF NINA R. RINGGOLD
9420 Reseda Blvd. #361
Northridge, CA 91324
Telephone: 818.773.2409
Facsimile: 866-340-4312
Attorney for Plaintiff NAZIE AZAM

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZIE AZAM,<br><br>     Plaintiff,<br><br>v.<br><br>RUZICKA & WALLACE, LLP;<br>RICHARD SONTAG, ESQ.; DESS<br>RICHARDSON, ESQ. and DOES 1 to<br>20, inclusive. | Case No. SACV14-00226 JLS (RNBx)<br><br>STATUS REPORT |

1

**TO THE COURT, ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

## INTRODUCTION

On August 6, 2015 this court ordered the parties to provide a status report following disposition of a Writ of Mandamus. The Writ of Mandamus was then subject of a Joint Petition for Writ of Certiorari in the United States Supreme Court filed by the plaintiff in this case and other persons.[1] The certiorari petition was denied on March 30, 2015.[2]

---

[1] The primary issue in the certiorari petition was Nazie Azam's removal under 28 U.S.C. § 1443 in a different case. (Case no. SACV 13-00663). The removed case, Case No. 30-2012-00545071 of the Superior Court of the County of Orange, involved an unlawful detainer case. The secondary issue in the joint petition involved Nazie Azam and other persons involved in a class action voting rights case. They argued that were grounds for recusal of judges and reassignment of similarly situated cases outside the State of California due to local prejudice and because many of the assigned judges have financial or general interests in pending cases of members of the class action case. As to Nazie Azam, the Supreme Court was aware there was still a pending civil rights removal case asserting civil rights claims, in part, under Section 1-10 of the Civil Rights Act of 1866 and under 28 U.S.C. § 1443 (grounded in part under the Fair Housing Act and other federal claims). As to the remaining joint petitioners, their individual civil rights removal cases have not yet been determined. The state court case which was the subject of Nazie Azam's removal it is at issue in pending proceedings in the California Supreme Court and the Bankruptcy Appellate Panel. Although the certiorari petition was denied it is well established law that the denial is not an expression of an opinion on the merits. See Laborers' Internt. Un. Of NA Local No. 107 v. Kunco, 472 F.2d 456, 459 fn2 (8th Cir. 1973).

[2] The fifth day after denial of the petition fell on the weekend.

## PARTIES

The parties in this case are plaintiff Nazie Azam and Defendants Ruzicka & Wallace, LLP, Richard Sontag, Esq., and Dess Richardson.

## LEGAL ISSUES

One of the primary claims of plaintiff is under the Fair Housing Act. The United States Supreme court granted review in the case of *Texas Dept. of Housing and Community Affairs v. Inclusive Communities Project, Inc.* (Case No. 13-1371). The question for review is whether disparate impact claims are cognizable under the Fair Housing Act. Oral argument was conducted on January 21, 2015 and a decision of the court is expected soon.

The complaint currently includes the following causes of action:

1.   FIRST CAUSE OF ACTION
Violation of the Automatic Bankruptcy Stay and
October 31, 2012 and November 28, 2012 Orders in 8:12-BK-20322-TA

2.   SECOND CAUSE OF ACTION
Violation of 18 U.S.C. § 157 (Bankruptcy Fraud)
Fraud (Concealment, Misrepresentation) and Negligent Misrepresentation

3.   THIRD CAUSE OF ACTION
Violation of the Fair Housing Act

4.   FOURTH CAUSE OF ACTION
Violation of California Fair Employment and Housing Act (FEHA), California Government Code § 12955 et seq.

5.   FIFTH CAUSE OF ACTION
Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

6.    SIXTH CAUSE OF ACTION
Title 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986

7.    SEVENTH CAUSE OF ACTION
Wrongful Eviction

8.    EIGHTH CAUSE OF ACTION
Violation of California Business and Professions Code § 17200 et seq.

9.    NINTH CAUSE OF ACTION
Abuse of Process

10.    TENTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress

## GENERAL STATUS

Prior to the stay the court had set a scheduling conference.

Defendants had filed motions to dismiss and to strike.  Plaintiff will also be filing a motion for partial summary judgment.

Dated:  April 6, 2015

                Respectfully submitted,

                LAW OFFICE OF NINA RINGGOLD

                By:  s/ Nina R. Ringgold, Esq.
                    Nina Ringgold, Esq.
                    Attorney for Nazie Azam

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2015 I electronically filed the following documents with the Clerk of Court for the United States District Court for the Central District CM/ECF system:

**STATUS REPORT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and this declaration was executed on April 6, 2015 at Los Angeles, California.

s/ Matthew Melaragno